UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| ANTHONY CRUMP, Plaintiff, v. BAY AREA RAPID TRANSIT DISTRICT, et al., Defendants. | Case No. 17-cv-02259-JCS<br><br>**ORDER DENYING MOTION TO DISQUALIFY**<br><br>Re: Dkt. No. 38 |
|---|---|

## I. INTRODUCTION

Plaintiff brings a Motion to Disqualify Allen Glaessner Hazelwood & Werth, LLP ("Motion"). The Court finds that the Motion is suitable for determination without oral argument and therefore **vacates the motion hearing set for March 2, 2018** pursuant to Civil Local Rule 7-1(b). For the reasons stated below, the Motion is DENIED.[1]

## II. DISCUSSION

### A. Legal Standard

Federal courts in California look to state law to decide motions to disqualify. *Openwave Sys. Inc. v. Myriad France S.A.S.*, 2011 WL 1225978, at *1 (N.D. Cal., Mar. 31, 2011) (citing In re County of Los Angeles, 223 F.3d 990, 995 (9th Cir. 2000)). Pursuant to Rule 11-4 of the Civil Local Rules of the Northern District of California, attorneys practicing in this district are required to adhere to "the standards of professional conduct required of members of the State Bar of California," which are contained in "the State Bar Act, the Rules of Professional Conduct of the

---

[1] The parties have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c).

State Bar of California and decisions of any court applicable thereto." Civ. L.R. 11-4 and comment; *see also Visa U.S.A., Inc. v. First Data Corp.*, 241 F. Supp. 2d 1100, 1103 (N.D. Cal. 2003). The decision to disqualify counsel is within the discretion of the trial court as an exercise of its inherent powers. *Visa*, 241 F. Supp. 2d at 1103 (citing *United States v. Wunsch*, 84 F.3d 1110, 1114 (9th Cir. 1996); *Image Technical Serv., Inc. v. Eastman Kodak Co.*, 820 F. Supp. 1212, 1215 (N.D. Cal. 1993); and Cal. Code Civ. Proc. § 128(a)(5)). Because motions to disqualify are often tactically motivated, they are strongly disfavored and are subjected to "particularly strict judicial scrutiny." *Optyl Eyewear Fashion Intern. Corp. v. Style Companies, Ltd.*, 760 F.2d 1045, 1050 (9th Cir. 1985) (citation omitted).

### B. Application of Legal Standard

The gravamen of Plaintiff's Motion is that Dale Allen, counsel for Defendants, tampered with video footage and coached a witness (Officer Bahaduri) to provide false testimony. As a consequence, Plaintiff asserts, Allen will have to be called as a witness at trial, requiring his disqualification pursuant to various ethical rules and case law that prohibit an individual who testifies before the jury from also acting as an advocate. *See, e.g.,* California Rule of Professional Conduct 5-210. The Court finds no basis for disqualifying Defendants' counsel.

First, despite repeated allegations that the video footage of the relevant events was tampered with, Plaintiff has offered no evidence to support these allegations. Rather, his accusations are entirely speculative. Nor does Plaintiff offer any response in his Reply brief to the evidence offered by Defendants that their expert, Michael Schott, reviewed the video footage and the Evidence Audit Trail for each video and found no evidence of tampering. *See* Downs Decl. ¶¶ 4-9.

Likewise, the facts do not support Plaintiff's assertion that Mr. Allen coached Officer Bahaduri to offer false testimony at his deposition. Officer Bahaduri testified at his deposition that his attorney told him he had not pulled out a gun on the night of the relevant events, even though he remembered doing so. Mr. Allen states in his declaration that he had told Officer Bahaduri, in preparing him for his deposition, that Defendants' retained expert, Mr. Schott, had

concluded that Officer Bahaduri had not, in fact, drawn his gun. Allen Decl., ¶ 6.[2] He also states that he discussed with Officer Bahaduri the Officer's recollection that he had drawn a gun. *Id*. While Plaintiff contends Mr. Allen's statement to Officer Bahaduri that the video footage showed he did not draw a gun was "akin to telling him how to testify," Reply at 2, the testimony that Officer Bahaduri offered – that he recalled drawing his firearm – supports the opposite inference, namely, that Mr. Allen did not instruct Officer Bahaduri to offer testimony inconsistent with his recollection or imply that he should do so. The Court therefore concludes that Plaintiff has failed to demonstrate misconduct on the part of Defendants' counsel.

The Court notes that a significant portion of Plaintiff's briefs is aimed at the merits of his case, the significance of the video footage, and whether Defendants should be permitted to introduce expert testimony regarding what the videos actually show. In this Order, the Court merely holds that no misconduct on the part of Defendants' counsel has been established and consequently, that there is no basis for disqualifying Defendants' counsel. The Court's conclusion is without prejudice to Plaintiff challenging the admissibility of the video footage or any expert testimony relating to that footage that Defendants may seek to introduce on summary judgment or at trial.

---

[2] Mr. Allen states that he has been authorized by Officer Bahaduri to waive attorney-client privilege as to what Mr. Allen told Officer Bahaduri about the expert's opinion of the video footage. Allen Decl. ¶ 5. *See Perrignon v. Bergen Brunswig Corp*., 77 F.R.D. 455, 460 (N.D. Cal. 1978) (while attorneys may not waive attorney-client privilege for their own benefit, they may "waive the attorney-client privilege on behalf of" their client). In any event, Officer Bahaduri's own disclosure at his deposition about what his attorney had told him gave rise to waiver of the attorney-client privilege as to that subject. *Weil v. Inv./Indicators, Research & Mgmt., Inc*., 647 F.2d 18, 24 (9th Cir. 1981) ("it has been widely held that voluntary disclosure of the content of a privileged attorney communication constitutes waiver of the privilege as to all other such communications on the same subject.").

3

## III. CONCLUSION

The Motion is DENIED.

**IT IS SO ORDERED.**

Dated: February 20, 2018

JOSEPH C. SPERO
Chief Magistrate Judge