United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY CRUMP,<br><br>    Plaintiff,<br><br>v.<br><br>BAY AREA RAPID TRANSIT DISTRICT, et al.,<br><br>    Defendants. | Case No. 17-cv-02259-JCS<br><br>**ORDER DENYING MOTION FOR JUDGMENT AS A MATTER OF LAW, TO ALTER OR AMEND JUDGMENT OR, IN THE ALTERNATIVE, FOR A NEW TRIAL**<br><br>Re: Dkt. No. 130 |

## I. INTRODUCTION

Following a jury trial in which the jury found in favor of Defendants, the Court entered judgment on March 8, 2019. Plainitff now brings a motion ("Motion") for judgment as a matter of law pursuant to Rule 50(b) of the Federal Rules of Civil Procedure or to alter or amend judgment pursuant to Rule 59 of the Federal Rules of Civil Procedure. The Court finds that the Motion is suitable for determination without oral argument and therefore vacates the motion hearing set for April 12, 2019 pursuant to Civil Local Rule 7-1(b).[1] For the reasons stated below, the Motion is DENIED.[2]

## II. BACKGROUND[3]

The Court conducted a three-day jury trial in this action that commenced on February 4,

---

[1] Although Plaintiff did not file a reply brief, the deadline for filing a reply brief has now passed and Plaintiff has not requested that the Court extend the deadline.

[2] The parties have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c).

[3] Plaintiff apparently did not request a transcript of the trial and the summary of the trial contained in the Motion is based entirely on the memory of counsel. While the absence of a transcript makes the Court's job more difficult, the Court has found no authority holding that such an absence, by itself, is a sufficient basis for denying relief under either Rule 50 or Rule 59. On the other hand, the Court has found at least one case in which the district court considered such motions on the merits even though no transcript had been submitted. *See Laymon v. Lobby House, Inc.*, 613 F.

2019. In addition to the testimony of Plaintiff and of the Officer Defendants, the body camera footage of Officer Bahaduri was shown to the jury. *See* Trial Minutes, February 4, 2019, Exhibits and Witness List (listing Bahaduri body camera footage as Exhibit 3). The Court described the content of this footage in detail in its summary judgment order, Docket No. 64, and therefore need not repeat that description here. In closing argument, Plaintiff's counsel argued to the jury that the Officers detained Mr. Crump in retaliation for Mr. Crump's protected speech, pointing, among other things, to a statement by Officer Bahaduri about his "attitude" and to the fact that Mr. Crump protested the Officer's actions verbally and used profanity, telling Officer Bahaduri to have a "f***** up night" a minute or two before he was placed in handcuffs. Defendants' counsel argued that the Officers detained Mr. Crump because he was approaching them with gardening shears and was agitated and not because of his verbal protests.

Before the case went to the jury, both sides brought oral motions for judgment. *See* Docket No. 117. Plaintiff stated that he was seeking judgment in Plaintiff's favor on his First Amendment retaliation claim. The Court construes that motion as a Rule 50(a) motion.

In the instant motion, Plaintiff argues that the only issue the jury had to decide on his First Amendment claim was whether his protected speech was the motivating factor for the Officers' conduct and that no reasonable jury could conclude that it was not based on the evidence presented at the trial. Motion at 6. He argues that judgment must be granted in his favor not only on the First Amendment claim but also on his state law claims because "Defendants' acts or conduct was not privileged [and they] [d]id not have an objectively reasonable bases [sic] to detain Plaintiff." *Id.* at 7.[4]

---

Supp. 2d 504, 510–11 (D. Del. 2009) ("Although the court's analysis in the present matter is frustrated by the absence of the trial record, it will address the issues raised in [the plaintiff's] motion."). Therefore, the Court addresses Plaintiff's motion on the merits based on the minutes, the Court's own recollection of the proceedings, and its familiarity with the body camera footage that took center stage at the trial and which the Court described in detail in its summary judgment order.

[4] As Plaintiff did not make any separate arguments regarding his state law claims (either in the instant Motion or when he brought his oral motion for judgment at the close of evidence), the Court concludes that he is seeking judgment on these claims on the same grounds he contends he is entitled to judgment on the First Amendment retaliation claim, namely, that the Officers' conduct was motivated by retaliatory animus based on Mr. Crump's speech.

2

## III. ANALYSIS

### A. Legal Standards

#### 1. Rule 50(b) Motion

Under Rule 50 of the Federal Rules of Civil Procedure, a party must make a Rule 50(a) motion for judgment as a matter of law before a case is submitted to the jury. If the court denies or defers ruling on the motion, and if the jury then returns a verdict against the moving party, the party may renew its motion under Rule 50(b). *Equal Emp't Opportunity Comm'n v. Go Daddy Software, Inc.*, 581 F.3d 951, 961 (9th Cir. 2009). The standard for granting a motion under Rule 50(b) is the same as the standard for granting a motion under Rule 50(a). *In re Homestore.com, Inc. Sec. Litig.*, 2011 WL 1564025, at *1 (C.D. Cal. Apr. 22, 2011). Under Rule 50(a), if "the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for" a party on a particular issue, "the court may . . . resolve the issue against the party; and grant a motion for judgment as a matter of law . . . ." Fed. R. Civ. P. 50(a)(1). In reviewing a Rule 50 motion, "[t]he court . . . may not make credibility determinations or weigh the evidence." *Krechman v. County of Riverside*, 723 F.3d 1104, 1110 (9th Cir. 2013) (internal quotation marks and citation omitted). Furthermore, the court must draw all reasonable inferences in favor of the nonmoving party. *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 150 (2000).

#### 2. Rule 59

Under Rule 59 of the Federal Rules of Civil Procedure, "[t]he court may, on motion, grant a new trial on all or some of the issues—and to any party . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court[.]" Fed. R. Civ. P. 59(a)(1)(A). Unlike a motion for judgment as a matter of law, on a motion for a new trial, "[t]he judge can weigh the evidence and assess the credibility of witnesses, and need not view the evidence from the perspective most favorable to the prevailing party." *Landes Const. Co., Inc. v. Royal Bank of Canada*, 833 F.2d 1365, 1371 (9th Cir. 1987). Rule 59 "'does not specify the grounds on which a motion for a new trial may be granted,' but allows new trials to be granted for historically recognized grounds." *Shimko v. Guenther*, 505 F.3d 987, 993 (9th Cir. 2007) (quoting *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007)). "Historically recognized grounds

include, but are not limited to, claims 'that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving.'" *Molski*, 481 F.3d at 729 (quoting *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940)); *see also Shimko*, 505 F.3d at 993 ("The trial court may grant a new trial only if the verdict is contrary to the clear weight of the evidence, is based upon false or perjurious evidence, or to prevent a miscarriage of justice." (citation and internal quotation marks omitted)).

### B. Discussion

Plaintiff's Motion is based on the contention that because he engaged in protected speech just before he was detained, the Officers' conduct must have been the result of retaliatory motive and no reasonable jury could have reached any other conclusion. Yet the evidence showed that Mr. Crump also engaged in nonverbal conduct, including picking up a pair of gardening shears and moving towards the Officers. In addition, the Officers testified that they believed Mr. Crump might pose a threat and that they were acting according to their training for handling such situations. Drawing all reasonable inferences in favor of Defendants, the Court finds that there was sufficient evidence to support the jury's verdict and therefore DENIES Plaintiff's motion under Rule 50(b). The Court further finds that Plaintiff is not entitled to relief under Rule 59; the jury's verdict was not contrary to the clear weight of the evidence and does not represent a miscarriage of justice.

## IV. CONCLUSION

The Motion is DENIED.

**IT IS SO ORDERED.**

Dated: April 2, 2019

JOSEPH C. SPERO
Chief Magistrate Judge

4